IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Colley Investigation, Inc., :

      Plaintiff : Civil Action 2:06-cv-585

v. : Judge Marbley

Global Resource Management, Inc., : Magistrate Judge Abel

      Defendant :

# ORDER

This matter is before the Court on Abdulshafi A. Abdulshafi's August 22, 2006 Objections to the Magistrate Judge's August 9, 2006 Report and Recommendation recommending that this case be remanded to the Franklin County Court of Common Pleas for lack of subject matter jurisdiction (doc. 13).

As required by 28 U.S.C. §636(c), the Court has made a *de novo* review of those portions of the Report and Recommendation to which the defendant specifically objects. Upon *de novo* review, the Court **OVERRULES** the defendant's objections.

Specifically, defendant Abdulshafi argues that the complaint is not well-pleaded. He maintains that under Rule 19 of the Federal Rule of Civil Procedure he should been named as a defendant. Had plaintiff properly complied with Rule 19, defendant maintains that this Court would have jurisdiction because of a federal question.  Defendant also argues that had he been properly named as a defendant, a federal question would arise because the only assets to satisfy the judgment are foreign and owned by an absentee defendant.

1

As the Magistrate Judge correctly noted, in order to determine whether the claim arises under federal law, a court will examine the "well pleaded" allegations of the complaint. The well pleaded complaint rule provides that a cause of action arises under federal law only if a federal question is affirmatively alleged in the plaintiff's properly pleaded complaint. *See Beneficial National Bank v. Anderson*, 2003 U.S. LEXIS 4277 (June 2, 2003) at *3; and *Horowitz* v. *Marlton*, 116 F. Supp. 2d 551, 553 (D.N.J. 1999). Moreover, when both federal and state law claims are available, a plaintiff's decision to proceed exclusively under state law does not give rise to federal jurisdiction. *See Caterpillar v. Williams*, 482 U.S. 386, 392 (1987).

The state court complaint alleges that defendant Global Resource Management, Inc. ("GRM") retained Colley Investigations, Inc. to perform investigation services. The complaint further alleges that GRM refused to pay the contractual amount once the investigation was completed. Colley Investigations seeks damages in the amount of $250,000.00.

If plaintiff believes that he should have been named as a defendant in the state court action, he should have raised this matter in the state court under the Ohio Rules of Civil Procedure. Plaintiff cannot rely on the Federal Rules of Civil Procedure to establish subject matter jurisdiction on the basis of a federal question. The Federal Rules of Civil Procedure are only applicable to those cases that are properly in federal court. They have no application to a state court proceeding and do not serve as a basis for removal.

Defendant also argues that due process of law is not confined to the pleaded allegations and questions whether the state court has authority to address whether plaintiff was afforded due process. Defendant further argues that state court erred in applying the law and that the federal court should rectify this error. Plaintiff maintains that the Franklin County Court of Common

Pleas does not have authority to reissue shares of a Swedish Corporation and that this matter is governed by Swedish law. This Court is without jurisdiction to review the decisions of the state courts. Only the Supreme Court of the United States has jurisdiction to review a case litigated and decided in a state court. *Gottfried v. Medical Planning Services*, 142 F.3d 326, 330 (6th Cir. 1998). Under the *Rooker-Feldman* doctrine, a litigant cannot seek to collaterally attack a state court judgment by simply casting his complaint in the form of a civil rights action. *Ritter v. Ross*, 992 F.2d 750, 754 (7th Cir. 1993). *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923).

Because the state court complaint does not contain a federal question, this Court does not have subject matter jurisdiction over this case. Consequently, this case is REMANDED to the Franklin County Court of Common Pleas. Abdulshafi A. Abdulshafi's August 22, 2006 Objections to the Magistrate Judge's August 9, 2006 Report and Recommendation recommending that this case be remanded to the Franklin County Court of Common Pleas for lack of subject matter jurisdiction (doc. 13) are OVERRULED, and the Magistrate Judge's August 9, 2006 Report and Recommendation is ADOPTED.

    s/Algenon L. Marbley
Algenon L. Marbley
United States District Judge